UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| KATERIA Y., <br><br> Plaintiff, <br><br> vs. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security[1], <br><br> Defendant. | Case No.  2:19-CV-00510-REP <br><br> **MEMORANDUM DECISION AND ORDER** <br><br> **(Dkts.  1, 8 & 16)** |

Pending is Petitioner Kateria Y.'s Petition for Review (Dkt. 1) and an accompanying Brief in Support of Petition to Review (Dkt. 16) appealing the Social Security Administration's final decision finding her not disabled and denying her claim for disability insurance benefits. *See* Pet. for Rev. (Dkt. 1).  This action is brought pursuant to 42 U.S.C. § 405(g).  Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## ADMINISTRATIVE PROCEEDINGS

This case involves Petitioner's second application for disability benefits.  AR[2] 33.  On September 27, 2017, some years after her first claim for disability benefits was denied, Petitioner filed an application for social security disability income ("SSDI"), alleging a disability onset date of June 13, 2017.  AR 28.  The claim was denied initially and on reconsideration and Petitioner

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi will be substituted, therefore, as the respondent in this suit.  Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g).

[2] Citations to "AR __" refer to the cited page of the Administrative Record (Dkt. 15).

**MEMORANDUM DECISION AND ORDER - 1**

requested a hearing in front of an Administrative Law Judge ("ALJ").  *Id.*  On March 6, 2019, the claim went to a hearing before Administrative Law Judge ("ALJ") Eric Basse.  *Id.*  On May 20, 2019, the ALJ issued a decision that was unfavorable to Petitioner.  AR 25-40.

Petitioner appealed this decision to the Appeals Council.  The Council denied Petitioner's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security.  AR 1-3.

Having exhausted her administrative remedies, Petitioner filed this case.  Petitioner raises a single point of error: Whether the ALJ erred in relying on the testimony of the vocational expert at Step Five to determine that Petitioner could make a successful adjustment to other work that existed in significant numbers in the national economy.

## STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017).  Findings as to any question of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. § 405(g).  In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The standard requires more than a scintilla but less than a preponderance.  *Trevizo*, 871 F.3d at 674.  It "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

**MEMORANDUM DECISION AND ORDER - 2**

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ.  *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051.  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Treichler*, 775 F.3d at 1098.  Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig*, 681 F.3d at 1051.  In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Batson v. Comm'r of Social Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error.  *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Treichler*, 775 F.3d at 1098.  Considerable weight is given to the ALJ's construction of the Social Security Act.  *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009).  However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## THE SEQUENTIAL PROCESS

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA").  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  SGA is work activity that is both substantial and gainful.  20 C.F.R. §§ 404.1572, 416.972.  "Substantial

**MEMORANDUM DECISION AND ORDER - 3**

work activity" is work activity that involves doing significant physical or mental activities.  20 C.F.R. §§ 404.1572(a), 416.972(a).  "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized.  20 C.F.R. §§ 404.1572(b), 416.972(b).  If the claimant is engaged in SGA, disability benefits are denied regardless of his or her medical condition, age, education, and work experience.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If the claimant is not engaged in SGA, the analysis proceeds to the second step.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement.  20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1522, 416.922.  If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied.  20 C.F.R. §§ 404.1520(c), 416.920(c).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded.  20 C.F.R. §§ 404.1520(d), 416.920(d).  If the claimant's impairments neither meet nor equal a listed impairment, the claim cannot be resolved at step three and the evaluation proceeds to step four.  20 C.F.R. §§ 404.1520(e), 416.920(e).

**MEMORANDUM DECISION AND ORDER - 4**

In the fourth step of the evaluation process, the ALJ decides whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.  20 C.F.R. §§ 404.1545, 416.945.  An individual's past relevant work is work she performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work was substantial gainful activity and lasted long enough for the claimant to learn to do the job.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin,* 759 F.3d 995, 1011 (9th Cir. 2014).  If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled.

## THE ALJ'S FINDINGS

The ALJ found that Petitioner suffers from the following severe impairments: obesity, myopathies (muscular dystrophy not congenital myopathy), chronic right shoulder subluxation, bipolar disorder, mixed anxiety disorder, personality disorder, and attention deficit hyperactivity disorder.  AR 30.  The ALJ determined that these impairments affected Petitioner's ability to engage in work-related activities in a variety of manners, including that Petitioner cannot reach overhead with her right arm, Petitioner can have only occasional interaction with the general public, and Petitioner needs a "regular, routine, and stable work environment without fast

**MEMORANDUM DECISION AND ORDER - 5**

production rate pace or quotas." AR 32.  The ALJ found that despite these limitations Petitioner could "perform simple routine tasks with short simple instructions." *Id.*   Relying on the testimony of a vocational expert, the ALJ concluded that Petitioner's limitations, taken together, would preclude Petitioner from returning to her past work as a salesclerk and housekeeper, but would not prevent Petitioner from working as a document preparer, a table worker, or a masker.  AR 39-40.  The ALJ accepted the vocational expert's testimony that 80,000 such jobs combined existed in the national economy.  AR 40.  The ALJ found that this constituted a "significant" number of jobs and that Petitioner was not, therefore, disabled.  *Id.*

## DISCUSSION

I.  The ALJ erred in finding that Petitioner could work as a document preparer.

The Dictionary of Occupational Titles (the "DOT") raises a rebuttable presumption as to job classification requirements.  *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).  Consistent with this presumption, an ALJ "has an affirmative responsibility to ask" the vocational expert about "any possible conflict" between the expert's testimony and the DOT and the before relying on the testimony.  *Massachi v. Astrue*, 486 F.3d 1149, 1152-1153 (9th Cir. 2007).  If the expert identifies a conflict in response to such a question, or if a conflict is otherwise "obvious or apparent," it is then the responsibility of the ALJ to resolve the conflict by asking the expert to explain the variance and then determining "whether the vocational expert's explanation for the conflict is reasonable."  *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) and *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017).

Relevant here, the Ninth Circuit has held that there is an apparent conflict between a claimant's limitation to "simple, routine or repetitive work" and a vocational expert's testimony that such a claimant can perform a job requiring Level 3 reasoning.  *Zavalin*, 778 F.3d at 847.

**MEMORANDUM DECISION AND ORDER - 6**

Respondent concedes that the ALJ erred under *Zavalin* in finding that Petitioner could work as a document preparer, a Level 3 reasoning job, without first addressing or resolving this conflict. Res's Br. at 2 (Dkt. 17). The ALJ's determination that Petitioner can work as a document preparer, therefore, cannot stand. The only remaining question is whether the ALJ's error in finding Petitioner could work as a document preparer impacted the disability finding.

II. <u>The ALJ's error was not harmless.</u>

A person is not disabled when an ALJ finds that the person can perform work "which exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 1382c(a)(2)(B). Determining what constitutes a "significant number" of jobs is normally question of fact for the ALJ. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 527-528 (9th Cir. 2014). Where, as here, an ALJ finds that three jobs exist in significant numbers in the national economy, but has not addressed whether a particular subset of those jobs, which are unaffected by the ALJ's error, also exist in significant numbers, the harmless error analysis asks whether the number of jobs remaining in the subset is sufficiently numerous so that the Court can confidently conclude that the error did not impact the ultimate disability determination. *See Marsh*, 792 F.3d at 1173; *see also De Rivera v. Berryhill*, 710 F. App'x 768, 769 (9th Cir. 2018) (unpublished).

Here, the ALJ found that 64,000 document preparer jobs exist in the national economy; 11,000 table worker jobs exist in the national economy; and 5,000 masker jobs exist in the national economy. AR 40. When the erroneous document preparer job is subtracted from this list, the remaining number of jobs Petitioner can perform amounts to 16,000. The parties disagree about whether the Court can conclude that this is a "significant number" as a matter of law.

**MEMORANDUM DECISION AND ORDER - 7**

Published Ninth Circuit guidance on this question is sparse. When faced with disputes over what constitutes a "significant number," the Ninth Circuit has declined to set forth "bright-line" rules for district courts. *Gutierrez*, 740 F.3d at 528. In *Gutierrez*, the petitioner brought a challenge on direct review to the ALJ's finding that 25,000 national jobs were "significant." Under the substantial evidence standard, the Ninth Circuit affirmed the ALJ's conclusion, but characterized 25,000 national jobs as "a close call." *Id.* This ruling suggests that anything less than 25,000 is not so voluminous that the Court can "confidently" conclude that no reasonable ALJ would have found the number insignificant.

Ninth Circuit harmless error cases support this conclusion. *Compare Shaibi v. Berryhill*, 883 F.3d 1102, 1110 n.7 (9th Cir. 2018) (any error in finding the petitioner could work as a weight tester was harmless because the ALJ also found that the petitioner could work as a leaf tier and ampoule sealer, representing 70,697 jobs nationwide); *see also Knuckles v. Saul*, 806 F. App'x 513, 515 (9th Cir. 2020) (unpublished) (citing to *Gutierrez's* 25,000 benchmark to conclude that "the ALJ's error in including mail sorter as a position [the claimant] could perform was harmless because the ALJ also found [the claimant] could perform the jobs of price marker and laundry sorter and those jobs exist in significant numbers in the national economy"); *Garner v. Saul*, 805 F. App'x 455, 459 (9th Cir. 2020) (unpublished) (the alleged error was harmless because the one remaining job, which the petitioner could perform, had 30,000 positions available nationally); *Buckins v. Berryhill*, 706 F. App'x 380, 381 (9th Cir. 2017) (unpublished) (an ALJ's errors were "inconsequential" where petitioner could still work in four different occupations with a total of 31,008 jobs available nationally) *with De Rivera*, 710 F. App'x at 769 (an ALJ's error was not harmless where there were only 5,000 national jobs available when the error was corrected); *Little v. Berryhill*, 690 F. App'x 915, 917 (9th Cir. 2017) (an error was not

**MEMORANDUM DECISION AND ORDER - 8**

harmless where only 18,500 jobs remained nationally); *Lemauga v. Berryhill*, 686 F. App'x 420, 422 (9th Cir. 2017) (declining to find harmless error where 12,600 jobs remained in the national economy and noting that the Ninth Circuit "has never found a similar number to be significant"); *Catherine G. v. Comm'r of Soc. Sec.*, No. 3:20-CV-05741-BAT, 2021 WL 1541178, at *4 (W.D. Wash. Apr. 20, 2021) (17,700 is not a significant number as a matter of law); *Lyons v. Comm'r of Soc. Sec.*, No. CV-17-01565-PHX-DLR, 2018 WL 3688985, at *2 (D. Ariz. Aug. 3, 2018) (15,789 is not a significant number as a matter of law).  As these cases illustrate, courts have generally treated 25,000 as the floor for what is a significant number as a matter of law.

In grey areas such as these, ALJs, not the Court, should be responsible for making factual findings about how many jobs are enough to support a finding of non-disability.  Because the Court cannot confidently conclude that 16,000 national jobs is a significant number of jobs, the Court finds that the ALJ's error in this case was not harmless.

## ORDER

Based on the foregoing, Petitioner's Petition for Review and the Brief in Support of Petition to Review (Dkts. 1 & 16) are **GRANTED,** and the decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings consistent with this decision.

DATED: September 27, 2021

Raymond E. Patricco
U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**