UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| KATERIA Y.,<br><br>    Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No.  2:19-CV-00510-REP<br><br>**MEMORANDUM DECISION AND ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES** |

Pending is Petitioner Kateria Y.'s Motion for Attorney's Fees Under 28 U.S.C. § 2412(d) (Dkt. 22).  Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## PROCEDURAL HISTORY

Petitioner initiated this action on December 29, 2019, seeking judicial review of the Social Security Administration's final decision finding her not disabled and denying her claim for disability insurance benefits.  *See* Pet. for Review (Dkt. 1).  On September 27, 2021, the Court granted the Petition for Review, reversed the Respondent's decision, and remanded the action under sentence four of 42 U.S.C. § 405(g) for further proceedings.  *See* 9/27/2021 MDO (Dkt. 20).  That same day, the Court issued a final judgment, making Petitioner the prevailing party for purposes of assessing a fee award in this action.  *See* Judg. (Dkt. 21); *see also Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993).

Petitioner now seeks attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  *See* Mot. for Att'y Fees (Dkt. 22).

**MEMORANDUM DECISION AND ORDER - 1**

## LEGAL STANDARD FOR AWARDING ATTORNEY'S FEES

Under the EAJA, the Court "shall award" fees to the prevailing petitioner in a social security appeal unless the Court finds the position of the United States "was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "'Substantially justified' means 'justified to a degree that could satisfy a reasonable person.'" *Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017) (internal citations omitted). This requires that the government's position have a "reasonable basis" in law and fact. *Flores v. Shalala*, 49 F.3d 562, 569-71 (9th Cir. 1995) (government's position not substantially justified when ALJ failed to consider a relevant vocational report). It is the government's burden to show that it should not be required to pay fees under this standard. *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017) ("The government has the burden of showing that its position was substantially justified."); *see also Decker*, 856 F.3d at 664 (same).

## DISCUSSION

Unlike many social security appeals, this case involved one narrow issue. On appeal, Petitioner argued, and Respondent conceded, that the ALJ erred under *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) in concluding that Petitioner could work as a document preparer. *See* Pt.'s Br. at 5-6 (Dkt. 16) and Res's Br. at 2 (Dkt. 17). The only area of dispute was whether this error was harmless.

Answering this question required the Court to determine whether 16,000 jobs in the national economy constituted a "significant number" of jobs as a matter of law. *See* 9/27/21 MDO at 7 (Dkt. 20). The Court found that it was not. *Id.* at 8-9. Respondent contends that it should not be required to pay Petitioner's attorney's fees because its arguments to the contrary were reasonable and the law in this area is in flux. Res.'s Opp. at 2-4 (Dkt. 24).

**MEMORANDUM DECISION AND ORDER - 2**

Respondent's position conflates two closely related, but ultimately distinct, legal issues. Questions of what constitutes a "significant number" of jobs in the national economy can arise on appeal in two dissimilar procedural postures, with differing standards of review. First, a claimant may bring a direct challenge to an ALJ's finding that a particular number of jobs is "significant." *See*, *e.g.*, *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 527-528 (9th Cir. 2014). In such cases, the Court reviews the ALJ's finding using the "substantial evidence" standard. *Id.* at 522, 527. This is a "highly deferential" standard of review, that recognizes that what constitutes a significant number of jobs is a question of fact to be determined in the first instance by the ALJ. *Id.* at 527-528; *see also Randazzo v. Berryhill*, 725 F. App'x 446, 448 (9th Cir. 2017) ("whether a significant number of jobs exist in the country or region is a question of fact properly resolved by an ALJ").

Second, the question of what constitutes a "significant number" of jobs can arise as part of a harmless error analysis. *See*, *e.g.*, *De Rivera v. Berryhill*, 710 F. App'x 768, 769 (9th Cir. 2018) (unpublished). This happens when the ALJ errs in finding that a claimant can perform a subset of jobs, but has not issued any findings about whether the jobs that are unaffected by the error are sufficiently numerous to independently support a finding of non-disability. In these circumstances, the Court reviews the impact of the ALJ's error using the harmless error standard. *Id.* This is not a deferential standard. A reviewing court can only consider an error harmless if the Court can be "confident" that the error did not impact the ultimate disability determination. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015); *see also De Rivera*, 710 F. App'x at 769 and *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011) (genuine uncertainty about whether an error affected the result of the disability determination will suffice to show harm or prejudice).

**MEMORANDUM DECISION AND ORDER - 3**

Correctly understanding and assessing the reasonableness of the government's position depends on which standard of review applies. *See Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004) (warning that a harmless-error determination, which effectively supplies a missing dispositive finding, may result in a different outcome than when the court directly reviews an ALJ's findings regarding what is a significant number of jobs). This is because determining what constitutes a "significant" number of jobs is a question of fact, not law. *Id.*; *see also Gutierrez*, 740 F.3d at 527-528.

Here, the Court determined that the ALJ's error was not harmless because the Court could not confidently conclude that 16,000 national jobs was a significant number as a matter of law. 9/27/21 MDO at 9 (Dkt. 20). The Court does not consider this a debatable conclusion. As the Court previously explained, in *Gutierrez*, the Ninth Circuit affirmed that 25,000 national jobs could be a "significant" number of jobs under the substantial evidence standard. *See* 9/27/21 MDO at 8 (Dkt. 20) (citing *Gutierrez*, 740 F.3d at 528). The Ninth Circuit, however, called this a "close call." *Id.* Respondent does not dispute that *Gutierrez* places 16,000 in a borderline or "grey" area and agrees that reasonable minds could differ about whether 16,000 should be considered a "significant" number. Res.'s Opp. 2-4 (Dkt. 24). Far from supporting Respondent's position, these concessions demonstrate why Respondent could not prevail under the harmless error standard and why it was unreasonable to argue otherwise. When a factual question falls within a "grey" area, the law is clear that the Court cannot usurp the ALJ's right to make these findings in the first instance. *Marsh*, 792 F.3d at 1173; *McLeod*, 640 F.3d at 888.

Consistent with this law, since *Gutierrez*, courts in the Ninth Circuit have repeatedly held that an ALJ's error was not harmless where, after the error was corrected, the number of jobs available fell below *Gutierrez's* 25,000 cutoff. *De Rivera*, 710 F. App'x at 769 (an ALJ's error

**MEMORANDUM DECISION AND ORDER - 4**

was not harmless where there were only 5,000 national jobs available when the error was corrected); *Little v. Berryhill*, 690 F. App'x 915, 917 (9th Cir. 2017) (an error was not harmless where only 18,500 jobs remained nationally); *Lemauga v. Berryhill*, 686 F. App'x 420, 422 (9th Cir. 2017) (declining to find harmless error where 12,600 jobs remained in the national economy and noting that the Ninth Circuit "has never found a similar number to be significant"); *Catherine G. v. Comm'r of Soc. Sec.*, No. 3:20-CV-05741-BAT, 2021 WL 1541178, at *4 (W.D. Wash. Apr. 20, 2021) (17,700 is not a significant number as a matter of law); *Lyons v. Comm'r of Soc. Sec.*, No. CV-17-01565-PHX-DLR, 2018 WL 3688985, at *2 (D. Ariz. Aug. 3, 2018) (15,789 is not a significant number as a matter of law).[1]

The Court agrees with Petitioner that Respondent's position cannot be deemed "substantially justified" in the face of this law. Petitioner is, therefore, entitled to attorney's fees under 28 U.S.C. § 2412(d).

---

[1] Respondent cites to three district court cases reaching the opposite conclusion in harmless error cases. Res.'s Opp. 3 (Dkt. 24) (citing *Peck v. Colvin*, No. CV 12-577 AGR, 2013 WL 3121280 (C.D. Cal. June 19, 2013); *Haase v. Astrue*, No. EDCV 11-1902-JPR, 2012 WL 3670639 (C.D. Cal. Aug. 27, 2012); and *Hoffman v. Astrue*, No. C09-5252RJB-KLS, 2010 WL 1138340 (W.D. Wash. Feb. 8, 2010)). But these cases were all decided before *Gutierrez*. The only other cases Respondent cites are cases involving the review of an ALJ's findings under the substantial evidence standard. *See*, *e.g.*, *Johnson v. Chater*, 108 F.3d 178, 181 (8th Cir. 1997) and *Montalbo v. Colvin*, 231 F. Supp. 3d 846, 863 (D. Haw. 2017) ("As the 12,300 jobs the vocational expert found available to Montalbo falls squarely within the ranges of the foregoing cases, *and in light of the discretion afforded to the ALJ in determining whether the number of jobs available is significant*, this Court declines to find that the ALJ erred on this ground.") (emphasis added). As outlined above, however, Respondent has staked out a much more expansive position in this case than the positions affirmed in *Johnson* and *Montalbo*. In arguing that the ALJ's error was harmless, Respondent took the position that it was unnecessary to remand this case because no reasonable ALJ could find 16,000 to be an insignificant number of jobs. It is this position that the Court finds lacking.

**MEMORANDUM DECISION AND ORDER - 5**

## AMOUNT OF PETITIONER'S FEE REQUEST

When a court approves attorney's fees under the EAJA, the hourly rate awarded must be based on prevailing market rates, not to exceed a maximum rate of $125 per hour, unless the court finds that a higher rate is justified by increases in the cost of living or by a special factor such as "the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412(d)(2)(A).

The Ninth Circuit publishes guidelines adjusting EAJA fees for cost-of-living increases.[2] The hours and hourly rates requested here are 1.3 hours at $205.25 per hour for attorney time in 2019, 9.5 hours at $207.78 for attorney time in 2020, and .9 hours at $213.74 for attorney time in 2021. *See* Timesheet (Dkt. 22-2). The hourly rates requested are in line with the maximum allowed for 2019, 2020 and 2021, respectively. Further, 11.7 hours is well within the norm for cases such as this, and it does not appear that Petitioner's counsel billed for uncollectible items, such as duplicative tasks or hours spent on administrative tasks not ordinarily chargeable to clients. Finally, Respondent has made no objection to the amount of fees requested. The Court, consequently, will award attorney's fees in the total requested amount of $2,433.10.

## PETITIONER'S REQUEST FOR COSTS

Petitioner also seeks reimbursement of $250 in pro hac vice fees under 28 U.S.C. §§ 1920 and 2412. The Court must deny this request. The Ninth Circuit has held that pro hac vice fees are not taxable "costs" under § 1920. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013).

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

---

[2] *See* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

**MEMORANDUM DECISION AND ORDER - 6**

1. Petitioner's Motion for Attorney's Fees Under 28 U.S.C. § 2412(d) (Dkt. 22) is GRANTED in part and DENIED in part.

2. Petitioner is awarded attorney's fees in the amount of $2,433.10.  This award is subject to any offsets allowed under the Treasury Offset Program.  *Astrue v. Ratliff*, 560 U.S. 586 (2010).  The award may be sent directly to the law firm of Petitioner's counsel.

3. Petitioner's request for the recovery of pro hac vice fees is denied.

DATED: July 05, 2022

Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 7**